

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRICK ANTHONY PRINCE, AKA Nkomo Mugabe Levene, AKA Tafari Williams, | No. 15-73652 |
| Petitioner, | Agency No. A076-022-830 |
| v. | MEMORANDUM* |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 14, 2018
San Francisco, California

Before: SCHROEDER and GOULD, Circuit Judges, and DU,** District Judge.

Petitioner Patrick Anthony Prince, a native and citizen of Jamaica, petitions

for review of the Board of Immigration Appeals' (BIA) order affirming the

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Miranda M. Du, United States District Judge for the District of Nevada, sitting by designation.

Immigration Judge's (IJ) decision denying his applications for withholding of removal and protection under the Convention Against Torture (CAT). Our appellate jurisdiction rests on 8 U.S.C. § 1252(a)(1), and we deny the petition.

Substantial evidence supports the BIA's conclusion that Petitioner has failed to establish a nexus between the harm he suffered and a protected ground. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 358–60 (9th Cir. 2017); *Sangha v. I.N.S.*, 103 F.3d 1482, 1486–87 (9th Cir. 1997). Petitioner argues he was, and will continue to be, subject to persecution because of his father's support for Michael Manley and the People's National Party (PNP). But Petitioner offered little detail about his father's political support, and the only evidence in the record documenting his father's activities in Jamaica described his involvement in a bloody gang dispute dating back decades. The record does not compel the conclusion that Petitioner's imputed political opinion was a reason for the harm he suffered. *See Barajas-Romero*, 846 F.3d at 360. Petitioner has similarly failed to show that he would be threatened in the future because of an imputed political opinion.

Substantial evidence also supports the BIA's conclusion that Petitioner has failed to show a likelihood of future torture carried out or acquiesced in by Jamaican officials. Petitioner acknowledged that police shot his brother believing

2

he was a thief, and he testified that his half-brother was accidentally killed by the police when they were chasing after someone else. Petitioner further testified that in most of his own encounters with violent attackers he was unable to identify the perpetrators and declined to report the events to the police. Petitioner has failed to show that he would be tortured upon return or that the police would be "unable or unwilling" to oppose any future attacks. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014).

**PETITION DENIED.**